JOHNNY W. GREEN, TDOC#278177,    )
                                )
     Plaintiff,                 )
                                )
v.                               )     No.:    4:14-CV-24-HSM-SKL
                                )
BRENT MYERS, Sheriff, GENA MYERS, *et. al,*  )
                                )
     Defendants.            )

## MEMORANDUM OPINION

Acting pro se, state prisoner Johnny W. Green brings this civil rights complaint for monetary relief under 42 U.S.C. §1983 against Brent Myers, the Sheriff of Grundy County, Tennessee, and Gena Myers, a correctional officer at the Grundy County jail [Doc. 1]. Because this case was transferred to this Court by the Middle District after the filing fee was assessed [Doc. 4], the Court turns first to the contentions in Plaintiff's complaint.

## I.    PLAINTIFF'S ALLEGATIONS

Plaintiff maintains that Defendants subjected him to unconstitutional conditions of confinement at the Grundy County jail, where he was housed for four months, from August 17th to December 11th [Doc.1 p.5].[1] More specifically, Plaintiff asserts that, when he arrived at the jail, he was forced to sleep in an 8' by 10' cell, underneath a bunk, without a mat or blanket. Plaintiff further asserts that the jail was designed to accommodate twenty inmates, but that it housed double that number. In the same vein, Plaintiff contends that he was assigned housing in a two-man cell, that housed three inmates, two of whom were infected with Hepatitis C virus.

---

[1] Plaintiff does not pinpoint the year of his confinement in the jail.

Plaintiff also maintains that he was not provided soap, shampoo, or general hygiene products and that, when he asked for this items, he was told that "they didn't no (sic) what to tell [him]," explaining that his reference to "they" means Sheriff Brent Myers, Gena Myers, and Administrator Steve Melton. Furthermore, according to Plaintiff, Gena Myers signed for a priority mail package his mother sent him, but he never received the package. When Plaintiff complained about the missing package, the Sheriff told him that the package had been misplaced and that "there wasn't anything that anybody wanted in it" [*Id.*]. Plaintiff's request for access to a law library likewise was unavailing because Defendant Sheriff's response to that request was that "he didn't know what to tell [him]"[*Id.*].

Plaintiff asserts that Defendants showed "blatant disregard" for prisoner mail and "no regard" for his health and that, as a result of sleeping on the floor, he suffers from back and shoulder pain [*Id.*]. Plaintiff seeks $400,000 in damages for his injuries.

## II.    SCREENING and LEGAL STANDARDS

The Court must now review the complaint to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed. In performing this task, the Court bears in mind the rule that pro se pleadings filed in civil rights cases are to liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Twombly*, 550 U.S. at 556). Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Id.* at 681. Furthermore, conclusory allegations need not be accepted as true. *Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that she was deprived of a federal right by a person acting under color of state law. *See Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Court examines the claims under these guidelines.

## III.    LAW and ANALYSIS

Plaintiff has sued Defendants in their official capacities, not in their personal capacities [Doc. 1 at 4]. This distinction is important because a suit against a defendant in his official capacity proceeds as though a plaintiff has sued the governmental entity the defendant represents. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). The governmental entity Defendants represent is Grundy County, Tennessee. A governmental entity, like Grundy County, can only be liable where a plaintiff shows that its policy, practice, or custom has caused him to sustain a constitutional injury. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

3

Put simply, to state a section 1983 claim against Grundy County, Plaintiff must: 1) identify the policy, 2) connect the policy to Grundy County itself, and 3) demonstrate that the injury was incurred because of the execution of that policy. *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).

While an inmate need not plead a theory of municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), still the litigant must give fair notice of the claim to Defendants. *Twombly*, 550 U.S. at 555. The complaint does not give fair notice to Defendants because Plaintiff did not identify a policy, nor allege the existence of a policy, much less connect a policy to Grundy County or show that the policy caused his injury. Because Plaintiff has not stated a claim against Defendants in their official capacities, his contentions against these Defendants must fail.

## IV.    CONCLUSION

Based on the above reasoning, the Court finds that Plaintiff's complaint does not state constitutional claims against Defendants. The Court further finds that any amendments to the complaint would be futile and, therefore, will not invite Plaintiff to file amendments. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (explaining that courts may allow a prisoner to amend even where his complaint is "subject to dismissal under the PLRA").

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

_____*/s/ Harry S. Mattice, Jr.*_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE